IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR RODRIGUEZ,

    Plaintiff,

vs.                                                                             Civ. No. 06-316 JP/ACT

BCI COCA-COLA BOTTLING
COMPANY OF LOS ANGELES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

On May 1, 2006, Plaintiff Hector Rodriguez filed a Motion to Remand. (Docket No. 6). In his motion, Plaintiff challenges the April 19, 2006 removal by Defendant BCI Coca-Cola Bottling Company of Los Angeles, Inc., arguing that the Court lacks subject matter jurisdiction since the amount in controversy requirement of diversity jurisdiction is not met. Plaintiff also requests an award of costs and fees associated with bringing the motion.

After review of the arguments of counsel and the relevant law, the Court finds that Plaintiff's motion to remand should be granted. However, the Court finds that Plaintiff's request for attorney's fees and costs should be denied.

### *I. Background*

This action has been remanded previously, and Plaintiff now seeks to remand Defendant's second removal of the case. Plaintiff originally filed his complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico. On August 24, 2005, Defendant removed the action to federal court, basing subject matter jurisdiction on the diverse citizenship of the parties.

However, on November 23, 2005, the Court remanded the action for failure to meet the amount in controversy requirement of diversity jurisdiction under 28 U.S.C. § 1332.

During subsequent proceedings in state court, Defendant served two sets of interrogatories on Plaintiff. The first set of interrogatories asked Plaintiff to either admit or deny that "damages sought. . . in this case, including attorney's fees, are equal or less than $74,999.99." (Docket No. 9, Ex. G). On January 20, 2006, Plaintiff denied that damages sought were less than $75,000. Defendant served a second set of interrogatories on February 17, 2006. On March 24, 2006, Plaintiff denied that "the total damages sought by Plaintiff Hector Rodriguez in this civil action, including attorney's fees but excluding interests and costs, do not exceed seventy-five thousand dollars ($75,000)." (Docket No. 9, Ex. J).

On April 19, 2006, Defendant removed the action for the second time, alleging that Plaintiff's answer to the second set of interrogatories established the amount in controversy necessary for diversity jurisdiction.

*II. Analysis*

Section 1441 of Title 28 of the United States Code permits a defendant to remove a state action to federal court when the court possesses subject matter jurisdiction over the dispute. 28 U.S.C. § 1441. Removal may be made "within thirty days after receipt by the defendant. . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1446(b), a defendant may remove an action previously remanded when an amended complaint, motion, order, or other paper demonstrates new grounds for removal. *O'Bryan v. Chandler*, 496 F.2d 403, 407-08 (10th Cir. 1974). Although the defendant is not prohibited from basing a

second removal on the same theory of jurisdiction, the defendant must base the second removal on a new set of facts. *Id.* at 410.

Defendant bases its second removal on Plaintiff's response to the second set of interrogatories. An interrogatory may demonstrate new grounds for removal under § 1446(b). *See, e.g., Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775, 778 (D. Kan. 1981). However, § 1446(b) requires removal of an action "*within thirty days* after receipt by the defendant . . . [of] other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). The thirty-day removal period begins when the defendant "is able 'to intelligently ascertain removability.'" *Huffman v. Saul Holding Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). The notice of removability must be "clear and unequivocal." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

In this case, Defendant was first able to intelligently ascertain a new basis for removal upon receiving Plaintiff's answers to the first set of interrogatories. On January 20, 2006, Plaintiff established that the requisite amount in controversy was met when he unequivocally *denied* that "the damages sought. . . in this case, including attorney's fees, are equal or less than $74,999.99." (Docket No. 9, Ex. G). However, Defendant did not remove until April 19, 2006, eighty- nine days after Plaintiff provided sufficient notice of removability.

Although Defendant bases its removal on Plaintiff's answers to the second set of interrogatories Defendant received on March 24, 2006, these answers to interrogatories provide almost the same information about the amount in controversy as Plaintiff's answers to the first set of interrogatories. If, as Defendant alleges, the answers to the second set of interrogatories

3

establish the requisite amount in controversy, the answers to the first set of interrogatories must also establish the requisite amount.

In his answers to the first set of interrogatories, Plaintiff denied that his damages were $74,999.99 or less. The clear implication is that Plaintiff was seeking either exactly $75,000.00 in damages, or that he was seeking damages in excess of the requisite amount in controversy. The possibility that Plaintiff was seeking *exactly* $75,000.00 and not, for example, $75,000.01 or more after answering the first set of interrogatories was slight. Defendant cannot genuinely argue that the Plaintiff's answers to the first set of interrogatories did not provide clear and unequivocal notice that Plaintiff was seeking damages in excess of the requisite amount.

Since Defendant failed to remove within thirty days after receiving Plaintiff's answers to the first set of interrogatories, removal was improper. Thus, the Court will grant Plaintiff's motion to remand.

However, the Court declines to award Plaintiff fees and costs associated with this motion under 28 U.S.C. § 1447(c) as Plaintiff has not presented concrete evidence that Defendant's second removal was unsubstantiated or in bad faith.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Remand (Docket No. 6) is GRANTED.

IT IS FURTHER ORDERED THAT this action is remanded to the Second Judicial District Court, County of Bernalillo, New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE